# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SONY CORPORATION AND SONY ELECTRONICS, INC.,**

      **Plaintiffs,**

**-vs-**             **Case No. 6:12-cv-1892-Orl-37DAB**

**DISCOUNT CAMERAS & COMPUTERS, INC. AND MAURICIO MARTINEZ,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS (Doc. No. 22)**
>
> **FILED:** July 19, 2013
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiffs brought this action alleging trademark infringement (Count I), trade name infringement and false designation of origin (Count II), common law unfair competition (Count III), and violation of Florida's Deceptive and Unfair Trade Practices Act (Count IV), arising from Defendants alleged improper use of Plaintiffs' federally registered trademarks (Doc. 1). The Complaint was served on Defendants (Docs. 6, 7), but no Answers or other responsive papers were filed. A Clerk's default was entered on May 1, 2013 (Doc. 18). Plaintiffs now move for entry of

default judgment. The motion is accompanied by a proposed Default Final Judgment and Permanent Injunction (Doc. 22-1). No response to the motion has been filed.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

*The allegations of the Complaint*

Applied here and as summarized in the motion, the Complaint alleges the following material facts, all of which are admitted by virtue of the default:

> Plaintiff, Sony Corporation, owns the following federally-registered trademarks (Reg. Number -1,207,979; Reg. Number -1,258,436; Reg. Number -1,622,127) and is the authorized provider of audio/video electronics and information technology products for the consumer and professional markets under the famous trademarks and service marks owned by Sony Corporation in the United States of America and the State of Florida. At least as early as 1982 and long prior to the complained of activities of each of the Defendants, Plaintiffs and their predecessors in interest have used their SONY trademarks and service marks in connection with advertising, promotion, sale and distribution of SONY Products. Plaintiffs have over the years expended large sums of money and great time and effort in developing Plaintiffs' MARKS as symbols identifying the source or origin of the high quality SONY Products. In addition, Plaintiffs and their predecessors have expended substantial sums in connection with the advertising and promotion of Plaintiffs' MARKS, worldwide and in the entirety of the United States of America. Promotional materials and advertisements of SONY Products that include Plaintiffs' MARKS have been distributed and are recognized by consumers and are famous throughout the United States and the world.
>
> Plaintiffs have multiple authorized locations in Florida, including within the District of Orlando, where products are being sold and services are being rendered under Plaintiffs' MARKS. SONY provides end users with a limited warranty in the United States for some of SONY's Products that provides material benefits to end users

including, at SONY's option, to repair or replace a product determined to be defective for a defined period such as one (1) year from the original date of purchase.

Sales by other than those made by authorized Sony Retailers are not covered by SONY's limited warranty for consumer products. The Defendants are not Sony Retailers and consumer products subject to these warranty limitations that are sold by the Defendants may not be entitled to the material benefits provided by SONY's limited warranty. Sony Retailers are enrolled in the Sony Retailer Network, are properly trained on SONY Products Defendants are not enrolled in the Network and have not received training. SONY is unable to assist end users who experience difficulty with service or SONY Products purchased from the Defendants.

By virtue of the extensive usage, advertising, promotion and media exposure of the SONY MARKS, these marks have become extremely famous and well-known among the trade and public in the United States of America and worldwide, have acquired substantial goodwill and public recognition and have become strong and are entitled to a wide scope of protection.

Defendants are providers of memory cards, cameras, video cameras, cellular telephones, batteries, other accessories for use in such electronic devices and customer service. Defendants are providing products and services under trade names and service marks which consist of and/or incorporate the SONY MARKS including, without limitation, large and prominent SONY signs on the Defendants' store front, causing actual confusion among consumers of SONY Products that the Defendants are authorized dealers, associated with the Plaintiffs.

Defendants have been operating under the trade name SONY and have been using the SONY mark, without authorization and absent any license and without permission. Plaintiffs' MARKS are being used to attract consumers seeking customer service for SONY Products and services in connection with the repair and marketing of products similar to SONY Products and/or counterfeit SONY Products. Defendants sell products other than SONY Products and sell products purporting to be SONY Products, and the Defendants' sales divert sales from authorized retail locations.

Defendants' misuse of Plaintiffs' MARKS cause actual confusion among customers of SONY Products. Defendants' use of Plaintiffs' MARKS deceive the public and hold out the Defendants as being authorized by SONY to sell SONY Products under SONY's limited warranties. Defendants have used and promoted the designation SONY in all capitals, the font color blue or the font color white on a blue background, a featuring a font which is identical to Plaintiffs' frequently used famous and registered MARKS. Defendants have continued upon information and belief will continue to use the trade name, trademark and service mark SONY in violation of Plaintiffs' rights in its common law and federally registered marks, resulting in actual confusion of customers and giving rise to a likelihood of confusion among customers of SONY Products, diverting sales, and deceiving consumers into falsely believing that the Defendants are authorized SONY retailers.

(Doc. 1, ¶¶ 13-38).

Plaintiffs' prayer for relief includes injunctive relief and damages, seeking:

  A. An Order permanently enjoining, preliminarily enjoining and restraining Named Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using the Plaintiffs' MARKS either alone or in combination with other designation(s), including but not limited to the designations: SONY and any other designations which are confusingly similar to any of Plaintiffs' MARKS as trade names, company names, service marks, trademarks, Internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale and/or rendering of services or SONY Products and/or any other related goods or services and/or other electronics products;

  B. An Order permanently enjoining, temporarily enjoining and restraining Named Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from engaging in any acts of trademark, service mark or trade name infringement and/or using or engaging in any false descriptions or representations or any false designations of origin and/or from committing any acts of federal or state dilution and/or from otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs and/or Plaintiffs' Family of MARKS in connection with the advertising, promotion, offering for sale, sale, and/or rendering of sales and services;

  C. An award to Plaintiffs against Named Defendants of Named Defendants' profits and Plaintiffs' actual damages and/or if elected by Plaintiffs, statutory damages pursuant to §§ 35(d) and 43(d) of the Lanham Act, 15 U.S.C. §§ 1117(d) and 1125(d);

  D. A trebling of the damages and profits awarded to Plaintiffs on account of Named Defendants' willful infringement of Plaintiff's MARKS;

  E. An award to Plaintiffs against Named Defendants of such punitive damages as are appropriate in view of the willful conduct and bad faith on the part of Named Defendants;

  F. An award to Plaintiffs of costs in this action including Plaintiffs' reasonable attorneys fees;

  G. An Order permanently enjoining, preliminarily enjoining and restraining Named Defendant's, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, from offering to sell SONY Products as new products subject to SONY's manufacturer's limited warranty.

  H. Such other and further relief as the Court may deem just and equitable under the circumstances herein.

(Doc. 1, pp. 14-15).

*Discussion*

Without any citation to authority regarding the required showing as to any of the claims sued upon, Plaintiffs "submit that the pleadings set forth a sufficient basis for judgment to be entered" with respect to their claims, and request that the Court enter the proposed Judgment attached to the motion. Notably, neither the motion nor the proposed Judgment purports to seek entry of a money judgment against Defendants[1] but focuses exclusively on prospective injunctive relief (Doc. 22-1).

"[T]o prevail on a claim of trademark infringement, a plaintiff must plead and prove that: (1) it has a registered mark; (2) the defendant, without permission, used its mark in commerce; and (3) the defendant's mark is likely to cause consumer confusion." *PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F. Supp.2d 1213, 1217-1218 (S.D. Fla. 2004) (*citing Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.,* 303 F.3d 1242 (11th Cir.2002); *Frehling Enter., Inc. v. Int'l Select Group, Inc.,* 192 F.3d 1330 (11th Cir.1999)). The well-pled facts admitted pursuant to the default establish all three elements here.

"Federal courts may grant permanent injunctions where infringement is found to have occurred in order to prevent further infringing use of a mark." *Aronowitz v. Health–Chem Corp.*, 513 F.3d 1229, 1242 (11th Cir. 2008). A plaintiff seeking a permanent injunction must demonstrate (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *Angel Flight of Ga., Inc. v. Angel Flight America, Inc.,* 522 F.3d 1200, 1208 (11th Cir. 2008). Although Plaintiffs present no argument as to any of these elements, the Court finds the facts pled sufficient to establish the irreparable harm to Plaintiffs' famous name

---

[1]The Court therefore deems those claims to be waived.

and goodwill, given the conduct of Defendants as alleged in the Complaint. Monetary damages appear inadequate, as this is a continuing injury; Defendants have not appeared and thus have presented no evidence of any hardships to balance against the harm; and the public interest is clearly served by avoiding the confusion inherent in Defendants impermissible use of the Marks. While the Court finds the undisputed facts, taken as true, provide a basis for injunctive relief, it cannot recommend entry of the proposed Judgment, which includes terms which differ from that requested in the Complaint.

A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Federal Rule 54(c), Fed. R. Civ. P. (2013). As set forth above, Plaintiffs seek in their pleadings an Order permanently enjoining Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from: 1) using the Plaintiffs' MARKS as trade names, company names, service marks, trademarks, Internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale and/or rendering of services or SONY Products and/or any other related goods or services and/or other electronics products; 2) engaging in any acts of trademark, service mark or trade name infringement and/or using or engaging in any false descriptions or representations or any false designations of origin and/or from committing any acts of federal or state dilution and/or from otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs and/or Plaintiffs' Family of MARKS in connection with the advertising, promotion, offering for sale, sale, and/or rendering of sales and services; and 3) offering to sell SONY Products as new products subject to SONY's manufacturer's limited warranty. The proposed Judgment, however, not only provides that Defendants are "enjoined from (I) engaging in any acts of trademark, service mark or trade name infringement, (ii) using or engaging in any false descriptions or representations or any false

designations of origin, (iii) committing any acts of federal or state dilution or (iv) engaging in any acts of deceptive or unfair trade practices or unfair competition, with respect to Plaintiffs' SONY Trademarks," but further provides that Defendants: "shall, within fifteen (15) days of the date of entry of this Default Final Judgment and Permanent Injunction, remove from the premises located at 5041 West Irlo Bronson Highway 192, Kissimmee, Florida 34746, all signage bearing one or more of the SONY Trademarks or any mark confusingly similar to one or more of the SONY Trademarks including, but not limited to, street signs, posters, wall signage, illuminated signage and window sign age (including painted signage)," *and if they don't, then*: "the Court hereby authorizes the Plaintiffs and their representatives (including any third parties retained by Plaintiff) to enter the property and premises located 5041 West Irlo Bronson Highway 192, Kissimmee, Florida 34746, and remove all signage bearing one or more of the SONY trademarks or any mark confusingly similar to one or more of the SONY Trademarks." (Doc. 22-1). Plaintiffs provide no authority to support the self-help provision it seeks to include in the Judgment, and there are no restrictions placed on Plaintiffs' ability (or the ability of any third party Plaintiffs appoint) to enter the property (which is not alleged to be owned by Defendants) seemingly at will. The Court declines to recommend inclusion of this relief, which was not sought in the Complaint and is fraught with peril. Enforcement of the Court's Orders may be sought through an appropriate motion for contempt or the like.

Therefore, it is **respectfully recommended** that the motion be **granted, in part,** and that a permanent injunction be issued against Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from: 1) using the Plaintiffs' MARKS as trade names, company names, service marks, trademarks, Internet domain names or other URL's or in any other manner in connection with the advertising, promotion, offering for sale, sale and/or rendering of services or SONY Products and/or any other related goods or services and/or other

electronics products; 2) engaging in any acts of trademark, service mark or trade name infringement and/or using or engaging in any false descriptions or representations or any false designations of origin and/or from committing any acts of federal or state dilution and/or from otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs and/or Plaintiffs' Family of MARKS in connection with the advertising, promotion, offering for sale, sale, and/or rendering of sales and services; and 3) offering to sell SONY Products as new products subject to SONY's manufacturer's limited warranty.  As the motion seeks no damages or attorney's fees, it is **recommended** that none be awarded.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 7, 2013.

                                        *David A. Baker*
                                     DAVID A. BAKER
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy