# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SONY CORPORATION; and SONY
ELECTRONICS, INC.,

    Plaintiffs,

v.                                                       Case No. 6:12-cv-1892-Orl-37DAB

DISCOUNT CAMERAS &
COMPUTERS, INC.; and MAURICIO
MARTINEZ,

    Defendants.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's [sic] Motion for Default Final Judgment and Permanent Injunction Against Defendants Discount Cameras & Computers, Inc. and Mauricio Martinez (Doc. 22), filed July 19, 2013; and

2. U.S. Magistrate Judge David A. Baker's August 7, 2013 Report and Recommendation (Doc. 23), filed August 7, 2013.

Upon consideration, the Court hereby adopts the Report and Recommendation and grants in part and denies in part Plaintiffs' motion.

Plaintiffs' Complaint alleged trademark infringement pursuant to the Lanham Act, a violation of 15 U.S.C. § 1125(a), unfair competition, and a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 1.) Plaintiffs served Defendants (Docs. 6–7), but they never appeared in this case. On May 1, 2013, a Clerk's default was entered. (Doc. 18.) Plaintiffs moved for entry of default judgment (Doc. 22) and attached a proposed order that sought both injunctive relief and a form of

self-help relief whereby if Defendants did not comply with the injunction, Plaintiffs would be entitled to enter Defendants' premises to remove the infringing marks (Doc. 22-1). No response was filed. U.S. Magistrate Judge David A. Baker found that Plaintiffs' well-pled facts established a trademark infringement violation and recommended that Plaintiffs' motion be: (1) granted in part to the extent that it requests injunctive relief demanded in the Complaint; and (2) denied in part to the extent that it requests relief, including self-help relief, which was not demanded in the Complaint. (Doc. 23); *see also* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

After an independent review of the record in this matter, and noting that no objections were timely filed, the Court agrees with the findings of fact and conclusions of law in Magistrate Judge Baker's Report and Recommendation. The Court notes that Magistrate Judge Baker appears to recommend granting default judgment only on the trademark infringement claim. (Doc. 23, p. 5.) The Court further finds that in addition to establishing trademark infringement, Plaintiffs' allegations establish a violation of 15 U.S.C. § 1125(a), common law unfair competition, and a violation of FDUTPA.[1] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (stating that a defendant is considered to have admitted a plaintiff's well-pled facts by virtue of default).

"To establish a prima facie case under § 1125(a), a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the

---

[1] These causes of action permit injunctive relief. *See* 15 U.S.C. § 1116(a) (providing injunctive relief for a violation of § 1125(a)); *Am. Bank of Merritt Island v. First Am. Bank & Trust*, 455 So. 2d 443, 445–46 (Fla. 5th DCA 1984) (common law unfair competition); Fla. Stat. § 501.211(1) (FDUTPA).

defendant made unauthorized use of it such that consumers were likely to confuse the two." *Ambrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1535 (11th Cir. 1986) (citation and internal quotation marks omitted). Plaintiffs adequately established these elements by alleging that they own marks 1,207,979, 1,258,436, and 1,622,127 and that Defendants have been using these marks, thereby causing confusion for consumers. (*See* Doc. 1, ¶¶ 15, 25–31.) Plaintiffs are therefore entitled to default judgment on the § 1125(a) claim.

To prevail on a Florida common law claim of unfair competition, Plaintiffs must establish:

> (1) that plaintiff is the prior user of the trade name or service mark; (2) that the trade name or service mark is arbitrary or suggestive or has acquired secondary meaning; (3) that the defendant is using a "confusingly similar trade name or service mark to indicate or identify similar services rendered (or similar goods marketed) by it in competition with plaintiff in the same trade area in which plaintiff has already established its trade name" or service mark; and (4) that as a result of defendant's action or threatened action, consumer confusion as to the source or sponsorship of defendant's goods and services is likely.

*Am. United Life Ins. Co. v. Am. United Ins. Co.*, 731 F. Supp. 480, 486 (S.D. Fla. 1990) (quoting *Am. Bank of Merritt Island*, 455 So. 2d at 445–46). The third prong requires a showing of "similarity in businesses of the parties." *Id.* (quoting *Sun Coast, Inc. v. Shupe*, 52 So. 2d 805, 805 (Fla. 1951)) (internal quotation marks omitted). As previously discussed, Plaintiffs adequately pled that they are the prior users of the marks and that Defendants' use is causing consumer confusion. (*See* Doc. 1, ¶¶ 15, 25–31.) Plaintiffs have also sufficiently pled that their marks have secondary meaning because they are famous and that Defendants are in a similar business to plaintiffs (selling electronics). (*See id.* ¶¶ 13, 17, 24.) Thus, Plaintiffs are also entitled to default judgment on the common law unfair competition claim.

Finally, to state a claim under FDUTPA, Plaintiffs must establish that Defendants engaged in an unfair or deceptive act or practice—which is "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"—and that Plaintiffs are aggrieved by those acts. *See Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1235, 1333 (11th Cir. 2008); *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003). Because Plaintiffs adequately pled trademark infringement, they adequately pled a violation of the FDUTPA. *See TracFone Wireless, Inc. v. GSM Grp., Inc.*, 555 F. Supp. 2d 1331, 1338 (S.D. Fla. 2008) ("Engaging in trademark infringement is an unfair and deceptive trade practice that constitutes a violation of [FDUTPA.]"); *Klinger v. Weekly World News, Inc.*, 747 F. Supp. 1477, 1479–81 (S.D. Fla. 1990) (concluding that a plaintiff stated a claim under FDUTPA when he alleged that the defendant infringed his trademark). Plaintiffs are therefore entitled to default judgment on the FDUTPA claim.

Plaintiffs are therefore entitled to default judgment on all of their claims, as well as a permanent injunction enjoining Defendants from further infringement and unlawful conduct—but only as to the injunctive relief demanded in the Complaint (Doc. 1). Plaintiffs are not entitled to self-help should Defendants continue to infringe Plaintiffs' marks. The Court declines to retain jurisdiction over this matter.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge David A. Baker's August 7, 2013 Report and Recommendation (Doc. 23) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's [sic] Motion for Default Final Judgment and Permanent Injunction Against Defendants Discount Cameras & Computers, Inc. and

       Mauricio Martinez (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Plaintiffs' request for the entry of default judgment and the issuance of a permanent injunction reflecting the relief demanded in the Complaint. The motion is denied as to Plaintiffs' request for relief, including self-help relief, which was not demanded in the Complaint.

3. Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them are immediately **PERMANENTLY ENJOINED** and **RESTRAINED** from:

    a. Using Plaintiffs' marks as trade names, company names, service marks, trademarks, Internet domain names, or other URLs or in any other manner in connection with the advertising, promotion, offering for sale, sale, and/or rendering of services or SONY products and/or any other related goods or services and/or other electronics products;

    b. Engaging in any acts of trademark, service mark, or trade name infringement and/or using or engaging in any false descriptions or representations or any false designations of origin and/or committing any acts of federal or state dilution and/or otherwise engaging in any acts of deceptive or unfair trade practices or unfair competition with respect to Plaintiffs and/or Plaintiffs' family of marks in connection with the advertising, promotion, offering for sale, sale, and/or rendering of sales and services; and

    c. Offering to sell SONY products as new products subject to SONY's

      manufacturer limited warranty.

4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs Sony Corporation and Sony Electronics, Inc. and against Defendants Discount Cameras & Computers, Inc. and Mauricio Martinez on Plaintiffs' claims. Plaintiffs are awarded costs. The Clerk shall include in the judgment that Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them are permanently enjoined from the actions set out in subsections 3(a)–(c) above.

5. Plaintiffs are **DIRECTED** to serve this Order on Defendants and to file proof of service with the Court on or before September 12, 2013.

6. The Clerk is further **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 5, 2013.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record